CLD-131                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3802
_____

IN RE:  JOSEPH ARUANNO,
                                        Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 2-14-cv-01954)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 27, 2020
Before:  JORDAN, KRAUSE and MATEY, Circuit Judges

(Opinion filed: March 11, 2020)
_____

OPINION[*]
_____

PER CURIAM

Joseph Aruanno has petitioned for a writ of mandamus in connection with his civil

rights case in the United States District Court for the District of New Jersey.

A writ of mandamus is a drastic remedy available only in extraordinary

circumstances.  See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

2005). A writ should not issue unless the petitioner has "no other adequate means to attain the relief" sought and he has shown that his right to the writ is "clear and indisputable." Id. at 378-79 (quoting Cheney v. United States Dist. Ct., 542 U.S. 367, 380-81 (2004)). Further, a mandamus action is not a substitute for an appeal. Madden v. Myers, 102 F.3d 74, 77 (3d Cir. 1996), superseded in part on other grounds by 3d Cir. L.A.R. 24.1(c).

One of Aruanno's allegations is that the District Court has "refused to even rule on" his motion for a temporary restraining order and his "motion(s) to compel" discovery responses. Aruanno did not refer to any docket numbers in his petition and we cannot locate any motion for a temporary restraining order on the District Court docket. We do note that Aruanno attached a "motion to compel" to a letter that he filed in June 2019. It does not appear that the District Court has directly addressed that motion, but we are confident that the District Court will promptly rule on the motion.[1] See Hassine v. Zimmerman, 160 F.3d 941, 954 n.11& n.12 (3d Cir. 1998) (noting that delay must be "extraordinary" to warrant mandamus relief). If Aruanno is concerned that any other specific motion remains pending in the District Court, he has an "adequate means to attain relief"—he may bring the matter to the attention of the District Court, specifying the date and docket number of any motion that remains pending.

---

[1] We express no opinion whether the motion was filed in conformity with the District Court's local rules, nor whether the motion has any merit.

Aruanno also asks that his case "be transferred to another judge." A mandamus petition, in general, is a proper way to challenge a district judge's decision not to recuse pursuant to 28 U.S.C. § 455. See In re Sch. Asbestos Litig., 977 F.2d 764, 778 (3d Cir. 1992). But a petitioner must show that § 455 clearly and indisputably required the District Judge to disqualify himself. See Haines v. Liggett Grp., Inc., 975 F.2d 81, 89 (3d Cir. 1992); In re Sch. Asbestos Litig., 977 F.2d at 778. Mandamus is not warranted on this basis, as Aruanno has not established that the District Court Judge's "impartiality might reasonably be questioned," 28 U.S.C. § 455(a), or that the Judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," 28 U.S.C. § 455(b)(1).

Finally, Aruanno states in his petition that "counsel must be appointed." But he has not established that he has a "clear and indisputable right" to the appointment of counsel. And to the extent he is challenging the District Court's denial of his motions for appointment of counsel, his available remedy is an appeal after the District Court enters a final order.

For these reasons, we will deny the petition for a writ of mandamus.

3